JOHN D. DARE, Respondent, v. PACIFIC RAILROAD, Appellant.

1. The answer to a petition must specifically and *separately* deny the matters intended to be put in issue.

*Appeal from the St. Louis Court of Common Pleas.*

*Whittelsey*, for appellant.

*Geo. P. Strong*, for respondent.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit brought by Dare to recover damages for the breach of an alleged contract made with him by the defendant, by which he was employed for one year as ticket agent of the company, at one hundred dollars per month; the breach complained of being the discharge of plaintiff from service before the expiration of the term of employment, and refusal of defendant to pay the contract price for remainder of the term after the discharge. The plaintiff recovered a verdict and judgment, from which the defendant appealed.

The errors complained of grew out of the assumption that the authority of the president of the company to make the contract with the plaintiff was not in issue. This involves the construction of the pleadings in the case. The petition states " that the defendant, by its properly authorized agent, employed the plaintiff as a ticket agent in the city of St. Louis for the term of one year from the first day of March, 1858, for which service the defendant agreed and promised to pay the sum of twelve hundred dollars, or one hundred dollars per month," &c.

The answer says, " the defendant denies that defendant, by its properly authorized agent, employed plaintiff as a ticket agent in the city of St. Louis for the term of one year from the first day of March, 1858, and agreed and promised to pay plaintiff the sum of twelve hundred dollars, or one hundred dollars per month, as the plaintiff hath alleged in his petition in this cause." "Defendant admits that plaintiff was employed by defendant in the capacity of a ticket agent for the defendant, and defendant agreed to pay him," &c., " at the rate of one hundred dollars per month during such time as plaintiff should be retained by defendant, and that plaintiff, on the 11th day of March, 1858, entered upon such service, and continued therein until the 19th day of June following, when defendant, no longer needing plaintiff, he

was discharged, and paid for the time he had served." Defendant further says that, by the terms of the agreement made between plaintiff and defendant, no time was limited during which plaintiff was to serve defendant, &c. If one were to consider so much of the answer only as affects to traverse the allegations of the petition, he would be left in doubt as to the precise point or points intended to be put in issue. Whether the pleader meant to deny the authorization of the agent, or the employment of the plaintiff, or both ; or whether the agency was not intended to be admitted, but the making of the contract denied ; or whether both the authority and employment were not to be admitted, but the kind of service to be rendered by plaintiff, the term of service, or the time of the commencement of the service denied; or whether all these were not intended to be admitted, but the sum to be paid plaintiff for his services only denied,—it denies nothing specifically but everything generally, and, in this respect, falls short of the provision required by the statute in the denial of an answer. The law provides (R. C. 1855, art. VI. § 12, p. 1232,) that " the answer of the defendant shall contain, first, a special denial of each material allegation of the petition controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." Again, it is declared, (483, same art. p. 1238,) that " every material allegation in the petition, not specifically controverted in the answer, shall, for the purposes of the action, be taken as true." Measured by the standard established by these sections, instead of the vague and ambiguous generalities employed, calculated rather to obscure than make clear the point in dispute, the pleader, if he meant to put in issue the authority of the agent, (and so far of any other material fact of the petition he designed controverting,) ought to have denied the same specifically, separately.

Had there been nothing in the answer more definite than this loose traverse, the court might very well have held that he authority of the agent was not in issue ; but, taking the

whole answer together, there can be no serious ground of controversy on the point. The answer " admits that the plaintiff was employed by the defendant, &c. That, by the terms of the agreement, no time was fixed," &c.; all going to show that the defendant meant to make no controversy about the fact of the contract, or the instrumentality employed in making it, but alone about its terms and conditions.

The authority of the president, then, to make the contract not having been put in the issue, all evidence offered on the subject was impertinent, and the instructions asked by the defendant, bearing upon the question, were properly refused.

The power to amend rests in the discretion of the court; and this court never interferes except in cases where there has been palpably an unwise exercise of the discretion. It is not perceived there was any ground for such complaint in the refusal of the common pleas to permit the defendant, after the evidence had all been given, to amend his answer so as to change the issues and increase the burdens of the plaintiff. It is not apparent to this court that the desired amendment would have been " in furtherance of justice."

Judges Bates and Bay concurring, the judgment is affirmed.